# EXHIBIT A

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

FILED
CIVIL ACTIONS BRANCH

JAN 15 2015

Superior Court
of the District of Columbia
Washington, DC.

WALLACE MITCHELL
1901 D STREET, SE
#245357
WASHINGTON, DC 20003, 2534   Plaintiff

vs.

DR. C. EPHRUSSI, AND
DR. AMY MORGAN, AND
DR. ANN SAVARESE, AND
(SEE ATTACHED PAGE FOR   Defendants
ADDITIONAL DEFENDANTS)*

CIVIL ACTION No. 15 004380

\* IN THEIR PERSONAL AND OFFICIAL
CAPACITY

**COMPLAINT**

1.  Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

ON OR ABOUT JULY 22, 2004, AND CONTINUING TO DATE, DEFENDANTS EPHRUSSI,
MORGAN, SAVARESE, HAMMOND, BAM MIDI, CHUKWU, BUSCHULTE, HARRISON, ENGH,
HIGHTOWER, FITZGERALD, UNITY HEALTH, INC (UHI) AND THE DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS (DOC) CONSPIRED TO CAUSE THE WRONGFUL DEATH OF
THE PLAINTIFF BY PURPOSEFULLY AND WILLFULLY EXPOSING THE PLAINTIFF TO SUB-
STANCES HE IS ALLERGIC TO, NAMELY SOY AND WOOL, AND/OR BY FAILING TO ENSURE
THAT THE PLAINTIFF WAS NOT EXPOSED TO THESE SUBSTANCES, THESE DEFENDANTS
COLLECTIVELY AND INDIVIDUALLY, FAILED TO TREAT PLAINTIFF FOR EXPOSURE TO THESE
(SEE ATTACHED PAGE)

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 13,000,000
with interest and costs.

202-698-4908
Phone:

DISTRICT OF COLUMBIA, SS

Wallace Mitchell _____, being first duly sworn on oath deposes and says that the
foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all
set-off and just grounds of defense.

Walter Mitchell
(Plaintiff)

Subscribed and sworn to before me this ____9th____ day of ___January___

Meretta Powell
(Notary Public/Deputy)

ID: 2015 CR 004380 M

FORM CV-1015 P0 [55] 72771
1: CAFRM

ADDitional Defendants

Dr. D. Marshall, and

Dr. Nora Bammini, and

Dr. Chukwu, and

Dr. Juliana Buschulte, and

Dr. Karen Harrison, and

Dr. Engin, and

P.A. Hightower, and

P.A. Gloria Fitzgerals and

Unity Healthcare, Inc, and

District of Columbia Department

of corrections, and

Dr. Hammond, D.D.S

In their personal and official capacity

Plantiff seeks punitive Damages, compensary Damages
Declaratory and Injuctive relief

All the Defendants can be served at 1901
D Street, SE, Washington, DC. 20003
Except Bammini and Unity Health Care, Inc.
They should be served at the address below
1/
1220 - 12th St, SE suite 120
Washington, DC 20003

COMPLAINT CONTINUED

Alledging and were Deliberately indifferent to the Plaintiff's serious Medical needs, which caused the plaintiff to have a Histamine reaction, suffocation, shortness of breath and prolonged suffering and pain. Further these Defendants, independently, and collectively, failed to Document the occurrence in the Plaintiff's medical records in order to coverup their act.

2. Defendants Ephrussi, Morgan, Savarere, Hammond, Bammidi, Chukwu, Buschulte, Harrison, Enem, Hightower, Fitzgerald, UHT, and DOC; have refused multiple request to provide the plaintiff with copies of His medical records, pursuant to the Freedom of Information Act, and the Privacy Act beginning on or about July 27 2014 and continuing to date.

3. Defendants Ephrussi, Morgan, Savarere, Hammond, Bammidi, Chukwu, Buschulte, Harrison, Enem, Hightower, Fitzgerald, UHT, and DOC, refused to replace plaintiff's shoes with lifts built in, after the DOC confiscated and discarded His personal ones. This caused the plaintiff to suffer Hip pain, Knee and leg pain, stiffening of Joints, and loss of mobility, and prolonged pain. These Defendants collectively and individually, are deliberately indifferent to the plaintiff's serious Medical needs, beginning on or about

PAGE 2

COMPLAINT CONTINUED

July 22, 2014, AND continuing to date

4. BEGINING ON OR ABOUT July, 22 2014, AND con-tinuing to date, Defendants EPHRUSSI, MORGAN, SAVARESE, HAMMOND, BAMMIDI, CHUKWU, BUSCHULTE, HARRISON, ENGIN, HIGHTOWER, FITZGERALD, UHI, AND DOC, REFUSED to REMOVE plaintiff's INGROWN toenails, CAUSING THE PLAINTIFF PAIN AND PROLONGED SUFFERING. THESE DEFEN-DANTS INDIVIDUALLY AND collectively, ARE Deliberately INDIFFERENT to THE PLAINTIFF'S SERIOUS MEDICAL NEEDS.

5. BEGINING ON OR ABOUT July 22, 2014, AND continuing to date, Defendants EPHRUSSI, MORGAN, SAVARESE HAMMOND, BAMMIDI, CHUKWU, BUSCHULTE, HARRISON, ENGIN, HIGH-TOWER, FITZGERALD, UHI AND DOC, HAVE REFUSED to TREAT plaintiff's EXTREME DENTAL PAIN, OR REPLACE THE DENTAL PARTIAL PLATE THAT they lost AS A RESULT, PLAINTIFF IS SUFFERING FROM BLEEDING GUMS, PROLONGED PAIN AND SUFFERING, AND THESE DEFENDANTS INDIVIDUALLY AND collectively, ARE Deliberately INDIFFERENT to THE PLAINTIFF'S SERIOUS DENTAL NEEDS.

6. BEGINING ON OR ABOUT July 22, 2014, AND continuing to date, Defendants EPHRUSSI, MORGAN, SAVARESE, HAMMOND, BAMMIDI, CHUKWU, BUSCHULTE, HARRISON, ENGIN, HIGH-TOWER, FITZGERALD, UHI AND DOC, HAVE PURPOSEFULLY

PAGE 3

AND willfully prescribed the wrong eyeglasses for the plaintiff, and failed to treat the plaintiffs cataract, causing the plaintiff to suffer blurred vision, progression of an eye disease, and prolonged pain and suffering. These Defendants collectively and individually are deliberately indifferent to plaintiffs serious eye treatment needs.

7. The plaintiff is being housed in the DOC while on writ from the appeal of his criminal conviction. At the end of the writ, there are two possible outcomes; (A) the plaintiff will be returned to the Federal Bureau of Prisons (BOP), or (B) the plaintiff will be court ordered released. Beginning on or about July 22, 2014, and continuing to date, Defendants Esquiaj, Morgan, Savarese, Marshall, Bammidi, Chikusu, Bucktlte, Harrison, Engin, Hightower, Fitzgerald, UHT, and DOC, have conspired to steal, embezzle, or otherwise impede the plaintiff from returning to the BOP with the medical devices and orthopedic devices that the plaintiff transferred to the DOC with from the BOP, should plaintiff have to return to BOP. These Defendants collectively and individually, have deprived the plaintiff of property, without due process.

8. On or about July 22, 2014, and continuing to date,

PAGE 4

DEFENDANTS EPHRUSSI, MORGAN, SAVARESE, MARSHALL, RAMMDAL, CHUKWU, BUCHHOLTZ, HARRISON, SMITH, HIGHTOWER, FITZ-GERALD, WHT, AND DOC. HAVE FAILED TO TREAT THE PLAINTIFF'S PARANOID SCHIZOPHRENIA, AND FAILED TO HOUSE THE PLAINTIFF IN THE MENTAL HEALTH UNIT OF THE DOC, WHERE OTHER INMATES WITH THE SAME DIAGNOSIS ARE HOUSED. THE FAILURE TO TREAT THE PLAINTIFF'S MENTAL HEALTH DISORDER HAS CAUSED THE PLAINTIFF TO SUFFER PSYCHOTIC EPISODES RESULTING IN INJURY AND THE PROGRESSION OF HIS MENTAL DISORDER. THE ACTIONS OF THESE DEFENDANTS, COLLECTIVELY AND INDIVIDUALLY, WERE DISCRIMINATORY, AND DELIBERATELY INDIFFERENT TO PLAINTIFF'S SERIOUS MENTAL HEALTH NEEDS AND A VIOLATION OF THE AMERICANS WITH DISABILITIES ACT.

9. BEGINNING ON OR ABOUT July 22, 2014, AND CONTINUING TO DATE, DEFENDANTS WHT AND DOC, CONSPIRED TO PREVENT THE PLAINTIFF FROM REPORTING HAVING BEEN SEXUALLY ASSAULTED BY MEDICAL STAFF AT THE DOC, BY CONCEALING THE IDENTITIES OF THE MEDICAL STAFF, IN VIOLATION OF THE PRISON RAPE ELIMINATION ACT.

PAGE 5

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WALLACE G. MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 15-cv-1975 (KBJ) |
| | ) |
| DR. C. EPHRUSSI, *et al.*, | ) |
| | ) |
| Defendants | ) |
| | ) |

## CERTIFICATION

I, Daniel Van Horn, Chief of the Civil Division, Office of the United States

Attorney for the District of Columbia, acting pursuant to the provisions of 42 U.S.C.

§ 233(a) and (g), and by virtue of the authority delegated to the United States Attorney by

28 C.F.R. § 15.4, and first re-delegated to me on March 30, 2012, hereby certify that I

have read the complaint in *Wallace Mitchell v. Dr. C. Ephrussi, et al.*, No. 2015-ca-4380

(D.C. Sup. Ct.), No. 15-cv-1975 (D.D.C.), and that on the basis of information now

available to me with respect to the incidents alleged therein, I find that defendants Unity

Health Care, Inc., Dr. Clarence Hammond, Dr. Otis Egins, Dr. Karen Harrison, Dr.

Jualenda Boschulte, Dr. Nora Bammidi, Dr. Henry Marshall, Dr. Ann Savarese, Dr. Amy

Morgan, Dr. Corey Ephrussi, Gloria Fitzgerald, P.A., and Larnette Hightower, P.A., were

acting within the scope of their employment as deemed employees of the Public Health

Service at the time of the alleged incidents.

Respectfully submitted,

DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WALLACE G. MITCHELL, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 15-cv-1975 (KBJ) |
| DR. C. EPHRUSSI, *et al.,* | ) |
| Defendants | ) |

**CERTIFICATION**

I, Daniel Van Horn, Chief of the Civil Division, Office of the United States Attorney for the District of Columbia, acting pursuant to the provisions of 42 U.S.C. § 233(a) and (g), and by virtue of the authority delegated to the United States Attorney by 28 C.F.R. § 15.4, and first re-delegated to me on March 30, 2012, hereby certify that I have read the complaint in *Wallace Mitchell v. Dr. C. Ephrussi, et al.*, No. 2015-ca-4380 (D.C. Sup. Ct.), No. 15-cv-1975 (D.D.C.), and that on the basis of information now available to me with respect to the incidents alleged therein, I find that defendant Helen-Valentine N. Chukwu acting within the scope of her employment as a deemed employee of the Public Health Service at the time of the alleged incidents.

Respectfully submitted,

DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WALLACE MITCHELL,                   )
                                    )
          Plaintiff,                )
                                    )
     v.                             )    Civ. Action No. 15-1975-RMC
                                    )
DR. C. EPHRUSSI *et al.*,            )
                                    )
          Defendants.               )

## MEMORANDUM OPINION AND ORDER

In a complaint filed *pro se* in the Superior Court of the District of Columbia,

plaintiff Wallace Mitchell accuses the District of Columbia Department of Corrections and a

number of medical professionals employed by Unity Health Care, Inc. (Unity defendants), of

conspiring to cause his "wrongful death." Mr. Mitchell alleges that Defendants "purposefully

and willfully expos[ed] [him] to substances [to which he] is allergic, namely soy and wool," and

then failed to treat him following exposure. Compl. [Dkt. 1-1] at ECF p. 17. He sues the

individual defendants in their personal and official capacities. Mr. Mitchell seeks $13 million in

monetary damages.

On November 7, 2015, the Unity defendants removed the case pursuant to 28

U.S.C. § 1442(a)(1) and § 2679(d)(2), asserting that they "are each deemed to be a Public Health

Service (PHS) employee for purposes of 42 U.S.C. § 233(a)[.]" Not. of Removal [Dkt. 1] at 1.

On November 30, 2015 and December 1, 2015, the United States Attorney for the District of

Columbia, as the Attorney General's designee, filed a notice (1) certifying that the Unity

defendants were "acting within the scope of their office or employment at the time of the alleged

1

incidents" and (2) substituting the United States as the proper defendant. Not. of Sub'n of Party [Dkts. 4, 13] ¶ 3.

The United States moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. It contends that Mr. Mitchell failed to exhaust his administrative remedies under the Federal Tort Claims Act (FTCA). The Court agrees. Therefore, for the reasons explained more fully below, the Court will grant Defendants' motion and remand the case to D.C. Superior Court.

## I.  BACKGROUND

Mr. Mitchell is serving a prison sentence of twenty years to life for first-degree murder and related crimes imposed in 1991 by the Superior Court of the District of Columbia. *See Mitchell v. United States*, 629 A.2d 10, 11 n.2 (D.C. 1993). In July 2014, Mr. Mitchell was transferred to the D.C. Jail from the United States Penitentiary in Florence, Colorado, to attend post-conviction proceedings in Superior Court. He filed the instant civil complaint in Superior Court on June 16, 2015, while detained at the D.C. Jail.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint, or any portion thereof, for lack of subject matter jurisdiction. No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is both a statutory requirement and an Article III requirement. *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). When reviewing a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), a court should "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*,

642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). Nevertheless, "the Court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiffs' legal conclusions." *Speelman v. United States*, 461 F. Supp. 71, 73 (D.D.C. 2006). A court may consider materials outside the pleadings to determine its jurisdiction. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005); *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003). A court has "broad discretion to consider relevant and competent evidence" to resolve factual issues raised by a Rule 12(b)(1) motion. *Finca Santa Elena, Inc. v. U.S. Army Corps of Engineers*, 873 F. Supp. 2d 363, 368 (D.D.C. 2012) (citing 5B Charles Wright & Arthur Miller, Fed. Prac. & Pro., Civil § 1350 (3d ed. 2004)); *see also Macharia v. United States*, 238 F. Supp. 2d 13, 20 (D.D.C. 2002), *aff'd*, 334 F.3d 61 (2003) (in reviewing a factual challenge to the truthfulness of the allegations in a complaint, a court may examine testimony and affidavits).

## III. ANALYSIS

The Public Health Service Act (PHSA), 42 U.S.C. § 233, protects officers and employees of the U.S. Public Health Service "from personal liability for the negligent or wrongful act or omission while acting within the scope of their employment by providing that the United States may assume any such liability." *El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. Dep't of Health & Human Servs.*, 396 F.3d 1265, 1267 (D.C. Cir. 2005) (citing 28 U.S.C. § 2672). Congress has extended coverage under the FTCA to individuals and entities "deemed" employees of the Public Health Service. *Id.* (citing 42 U.S.C. § 233(g)(1)(F)); *see* Not. of Removal ¶ 3 (describing Unity as a D.C. non-profit, tax-exempt corporation and a "recipient of federal grant funds . . . deemed to be a PHS employee for purposes of . . . § 233(a)

3

and (g)"); *id*. ¶ 4 (describing named defendant employees as "health care provider employees . . . deemed to be PHS employees" for same statutory purposes). Accordingly, "[o]nce the Attorney General—or [her] authorized designee—certifies that a federal employee was acting within the scope of his or her employment at the time of the conduct giving rise to the claim, the 'employee[s] are dismissed from the action, and the United States is substituted as defendant in place of the employee[s].'" *Aviles-Wynkoop v. Neal*, 978 F. Supp. 2d 15, 19 (D.D.C. 2013) (quoting *Osborn v. Haley*, 549 U.S. 225, 230 (2007)). The claims are then governed by the FTCA, which provides a limited waiver of sovereign immunity for civil actions seeking money damages from the United States.[1] As a result, the "tort claims against the individual defendants must be dismissed," and the United States is "substituted as the only remaining defendant." *Id*. (citing *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995)).

Before filing suit under the FTCA, a plaintiff must satisfy certain conditions. As applicable here, the FTCA provides:

> An action shall not be instituted . . . for injury or loss of property or personal injury . . . caused by the negligent or wrongful act or omission of [a federal employee] while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

---

[1] The FTCA confers exclusive jurisdiction in the district court over claims

> for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

4

28 U.S.C. § 2675(a). If the agency fails "to make final disposition of a claim within six months

after it is filed[,]" the claimant may deem that failure "a final denial of the claim" and proceed to

court. *Id*.

   The United States has provided a declaration dated November 30, 2015, from the

U.S. Department of Health and Human Services (HHS), which states that a search of records in

the Claims Branch failed to locate "an administrative tort claim filed by Wallace Mitchell or an

authorized representative relating to [the Unity defendants]." Decl. of Mary Christofferson

[Dkt. 6] ¶ 4. Mr. Mitchell counters that he "attempted to utilize the administrative tort process,

and it was made 'unavailable' to him by the actions of the government." Pl.'s Opp'n [Dkt. 27] at

2. He proffers an unauthenticated e-mail chain of confusing exchanges between HHS personnel,

which does not reflect "final agency positions or actions," Gov't Reply [Dkt. 28] at 1, n.1, and

is simply irrelevant.

   Mr. Mitchell also proffers an administrative claim form that he signed on January

15, 2015, and purportedly submitted to HHS. He does not provide any proof of when and how

the claim was submitted. Therefore, he has failed to rebut the government's sworn statement

that no administrative claim was received through proper channels. *See Davis v. United States*,

944 F. Supp. 2d 36, 38-39 (D.D.C. 2013) (dismissing FTCA claim where plaintiff could show

that he prepared a written FTCA claim but could not show that the agency actually received it).

More importantly, the claim form establishes that Mr. Mitchell did not wait the requisite six

months for his tort claim to be deemed denied. Even if the agency received the claim on the

signed date of January 15, 2015—a highly unlikely occurrence—July 15, 2015, was the earliest

date Mr. Mitchell could have deemed the agency's inaction a denial. Thus, Mr. Mitchell's

lawsuit filed on June 16, 2015, was premature.

Exhaustion under the FTCA is a jurisdictional requirement, *see Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007); *GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987), and a plaintiff's "fail[ure] to heed that clear statutory command" warrants dismissal of his claim, *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see Abdurrahman v. Engstrom*, 168 Fed. Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"); *Hammond v. Fed. Bureau of Prisons*, 740 F. Supp. 2d 105, 111 (D.D.C. 2010) (dismissing FTCA claim for lack of subject matter jurisdiction where plaintiff had not "established by a preponderance of the evidence that he administratively exhausted his FTCA claim with [agency component] before commencing this action").

Mr. Mitchell's failure to exhaust his administrative remedies under the FTCA deprives this Court of subject matter jurisdiction "or the functional equivalent of it," *Simpkins*, 108 F.3d at 371, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the [removed] case shall be remanded," 28 U.S.C. § 1447(c).

Accordingly, it is

**ORDERED** that the United States' Motion to Dismiss the Complaint [Dkt. 6] is **GRANTED**, and it is

**FURTHER ORDERED** that Mr. Mitchell's Motion to Reinstate Motions [Dkt. 29] is **DENIED**, and it is

**FURTHER ORDERED** that this case is **REMANDED** to D.C. Superior Court.

Date: September 20, 2016          _____/s/_____
                                    ROSEMARY M. COLLYER
                                    United States District Judge

6

# EXHIBIT D

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

_____
                                              )
WALLACE G. MITCHELL,                          )
                                              )
    Plaintiff,                             )
                                              )
    v.                                     )    Civil Action No.: 2015 CA 004380 M
                                              )
DR. C. EPHRUSSI, *et al.*,                    )
                                              )
    Defendants                             )
_____  )

## NOTICE OF FILING NOTICE OF REMOVAL OF A CIVIL ACTION

PLEASE TAKE NOTICE that on August 21, 2017, Defendant filed a notice of removal of this case to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. *See* Exhibit 1 hereto.  Accordingly, the Superior Court of the District of Columbia "shall proceed no further unless and until the case is remanded." *See* 28 U.S.C. § 1446(d).

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar No. 415793
United States Attorney

DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division

By:   _/s/   Damon Taaffe_____
DAMON TAAFFE, D.C. Bar No. 483874
Assistant United States Attorney, Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2544
damon.taaffe@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on this 21st day of August, 2017, the foregoing Notice of Filing

Notice of Removal of a Civil Action was mailed to plaintiff via First Class Mail, postage

prepaid, at the following address:

Wallace G. Mitchell
#245357
DC Jail
1901 D Street, SE
Washington, DC 20003

By:_*s/ Damon W. Taaffe*_____
      Damon W. Taaffe

# EXHIBIT E

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| **WALLACE MITCHELL,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DR. C. EPHRUSSI, et al.,**<br><br>**Defendants.** | **Case No. 2015 CA 004380 M**<br>**Judge Jennifer A. Di Toro** |

**<u>ORDER REINSTATING CASE</u>**

This matter is before the Court on Plaintiff Wallace Mitchell's *Motion for Relief from Judgment and/or Reconsideration* of December 22, 2016 Order, filed on January 3, 2017, and Plaintiff's *Motion for Clarification of Status of Case*, filed on February 27, 2017. No oppositions have been filed.

**Procedural History**

On June 15, 2015, Plaintiff filed his Complaint *pro se* alleging that the District of Columbia Department of Corrections and a number of medical professionals employed by Unity Health Care, Inc. ("Unity Defendants") conspired to cause his "wrongful death" by "purposefully and willfully exposing [him] to substances [to which he] is allergic, namely soy and wool." Compl. ¶ 1. On November 7, 2015, the Unity Defendants removed the case to the United States District Court for the District of Columbia, asserting that the Unity Defendants are Public Health Services employees for purposes of 42 U.S.C. § 233(a) and thus, are protected from personal liability under The Public Health Service Act. The Public Health Service Act, 42 U.S.C. § 233, protects officers and employees of the U.S. Public Health Service "from personal liability for the negligent or wrongful act or omission while acting within the scope of their employment by providing that the United States may assume any such liability." *See El Rio Santa Cruz*

*Neighborhood Health Ctr., Inc. v. U.S. Dep't of Heath & Human Servs.*, 396 F.3d 1265, 1267

(D.C. Cir. 2005). Congress has extended coverage under the Federal Tort Claims Act ("FTCA")

to individuals and entities deemed employees of the Public Health Service. *Id.* (citing 42 U.S.C.

§ 233(g)(1)(F). Accordingly, "[o]nce the Attorney General—or his authorized designee—

certifies that a federal employee was acting within the scope of his or her employment at the time

of the conduct giving rise to the claim, the 'employee[s] are dismissed from the action and the

United States is substituted as defendant in place of the employee[s].'" *Aviles-Wynkoop v.*

*Neal*,978 F. Supp. 2d 15, 219 (D.D.C. 2013) (quoting *Osborn v. Haley*, 546 U.S. 225, 230

(2007)). The claims are then governed by the Federal Tort Claims Act ("FTCA") which provides

a limited waiver of sovereign immunity for civil actions seeking money damages from the

United States. 28 U.S.C. § 1346(b)(1).

On November 30, 2015, pursuant to section 2679(d)(1) of the FTCA, the United States

filed a notice of substitution certifying that the Unity Defendants were Public Health Services

employees and substituting itself as Defendant in place of the following Unity Defendants: Dr.

Clarence Hammond, Dr. Otis Egins, Dr. Karen Harrison, Dr. Jualenda Boschulte, Dr. Nora

Bammidi, Dr. Henry Marshal, Dr. Ann Savarese, Dr. Amy Morgan, Dr. Corey Ephrussi, Gloria

Fitzgerald, P.A., and Larnette Hightower, P.A. ("Substituted Defendants"). *See* Notice of Sub'n

of Party, Civ. Action. No. 15-cv-1975, (Nov. 30, 2016).

On September 20, 2016, Judge Rosemary M. Collyer found that Plaintiff failed to exhaust

his administrative remedies under the FTCA which deprived the District Court of subject matter

jurisdiction and remanded the case to D.C. Superior Court.

Upon remand to Superior Court, parties appeared for a Status Hearing on December 22, 2016. The Court dismissed the case in its entirety, determining that as Judge Collyer granted Defendant's *Motion to Dismiss*, there was no further action for the Court to take.

### Discussion

Plaintiff filed the instant motion seeking relief from the December 22, 2016 order dismissing case and requesting that the Court reinstate the matter. Upon further review of the record, the Court concludes that this case should be reinstated. Judge Collyer granted Defendant United States's *Motion to Dismiss* for lack of subject matter jurisdiction, which dismissed the claims against the United States. However, upon the dismissal of the claims against the United States and remand to the Superior Court, this matter should have been returned to its posture prior to the removal to the District Court. Therefore, the personal tort claims against the original Unity Defendants must be reinstated for further proceedings in this Court. Accordingly, all Defendants substituted in the District Court matter and the claims against them are hereby reinstated. As the *Motion for Relief from Judgment and/or Reconsideration* is granted, the *Motion for Clarification of Status of Case* is denied as moot.

Accordingly, it is this 13th day of March, 2017, hereby

**ORDERED**, that Plaintiff's *Motion for Relief from Judgment and/or Reconsideration* is **GRANTED**. It is further

**ORDERED**, that Plaintiff's *Motion for Clarification of Status of Case* is **DENIED AS MOOT**. It is further

**ORDERED**, that the above-captioned matter is re-opened and parties shall appear for a Status Hearing on April 14, 2017, at 11:00 a.m. in Courtroom A-47 located at 515 5th Street NW, Washington, D.C. 20001.

3

**SO ORDERED.**

_Judge_ Jennifer A. Di Toro
Associate Judge
_Signed in Chambers_

Copies to:

Wallace Mitchell
# 245357
1901 D Street SE
Washington, D.C. 20003
_Pro Se Plaintiff_

Brian Jonathan McDermott, Esq.
E-served via Casefil_express_
_Counsel for Defendants_

4