United States District Court
District of Columbia

Case No. 1:17-cv-01699-RMC

Wallace Mitchell
        Plaintiff,

        V.

United States,
  Dr. Corey Ephrussi, et al,
        Defendants,

Memorandum In Support of Motion For
Relief From Judgment And/Or Reconsideration
And Motion For More Definite Order

        Wallace Mitchell, plaintiff, pro se,
Hereby submits this Memorandum In Support
of His Motion For Relief From Judgment
And/Or Reconsideration, And Motion For More
Definite Order

RECEIVED
JUN 12 2018
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

        1. For purposes of Appeal, should the need
be, plaintiff has asked the court to better
frame specific statements and the reason

FOR ESSENTIALLY REVERSING ITS PRIOR RULING.

2. PLAINTIFF FIRMLY BELIEVES THAT THE "LAW-OF-THE-CASE" DOCTRINE PROHIBITS THIS COURT FROM REVISITING THE ISSUE OF REMAND, AND/OR THAT ANY REVISIT SHOULD NET THE SAME RESULT THAT A LACK OF JURISDICTION IN THIS COURT WARRANTS REMAND TO THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA (SCDC). ALTERNATIVELY, THE LAW-OF-THE-CASE DOCTRINE SHOULD PROHIBIT THIS COURT FROM WHAT AMOUNTS TO A REVERSAL OF THE SCDC ORDER TO REINSTATE THIS CASE IN THAT COURT; FURTHER THAT THERE IS NO GROUNDS TO DISMISS THIS ACTION AS TO THE DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS (DOC). WHEN THEY HAD OPPORTUNITY, DEFENDANTS DID NOT APPEAL THIS COURTS EARLIER DECISION.

3. ATTACHED HERETO, IN PERTINENT PART, ARE CASES CITING THE DEFINITION OF THE LAW-OF-THE-CASE RELIED ON BY THE PLAINTIFF. (SEE ATTACHMENT NOS. 1-7).

DATE: 5-31-18                 RESPECTFULLY SUBMITTED,
                              Wallace Mitchell
                              WALLACE MITCHELL

#245357
1901 D ST, SE
WASHINGTON, DC 20003

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY A TRUE COPY OF THE FORECOING WAS MAILED TO THE ADDRESS BELOW, VIA FIRST CLASS MAIL, POSTAGE PAID, THIS 31 DAY OF MAY, 2018:

JESSICA LIU, ESQ,
UNITED STATES ATTORNEY
555 - 4TH ST, NW
WASHINGTON, DC 20530

_Wallace Mitchell_
WALLACE MITCHELL

---

**FADI AL MAQALEH, DETAINEE, AND AHMAD AL MAQALEH, AS NEXT FRIEND OF FADI AL MAQALEH, APPELLANTS v. CHUCK HAGEL, SECRETARY, UNITED STATES DEPARTMENT OF DEFENSE, ET AL., APPELLEES.AMANATULLAH, DETAINEE, AND ABDUL RAZAQ, AS NEXT FRIEND TO AMANATULLAH, APPELLANTS v. BARACK HUSSEIN OBAMA, PRESIDENT OF THE UNITED STATES, ET AL., APPELLEES.HAMIDULLAH, DETAINEE, AND WAKEEL KHAN, AS NEXT FRIEND TO HAMIDULLAH, APPELLANTS v. BARACK HUSSEIN OBAMA, PRESIDENT OF THE UNITED STATES, ET AL., APPELLEES**

**UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

**738 F.3d 312; 407 U.S. App. D.C. 323; 2013 U.S. App. LEXIS 25599**

**No. 12-5404, Consolidated with 12-5399, 12-5401, No. 12-5407, No. 12-5410**

**September 17, 2013, Argued**

**December 24, 2013, Decided**

---

**Editorial Information: Subsequent History**

Rehearing, en banc, denied by Maqaleh v. Hagel, 2014 U.S. App. LEXIS 4827 (D.C. Cir., Mar. 13, 2014)Motion granted by Al-Maqaleh v. Hagel, 135 S. Ct. 320, 190 L. Ed. 2d 17, 2014 U.S. LEXIS 5680 (U.S., 2014)US Supreme Court certiorari dismissed by, in part Al-Najar v. Hagel, 135 S. Ct. 782, 190 L. Ed. 2d 717, 2014 U.S. LEXIS 8443 (U.S., 2014)Vacated by, in part, Motion granted by Amanatullah v. Obama, 2015 U.S. LEXIS 2076 (U.S., Mar. 23, 2015)Vacated by, in part, Motion granted by al-Najar v. Carter, 2015 U.S. LEXIS 2027 (U.S., Mar. 23, 2015)

**Editorial Information: Prior History**

Appeals from the United States District Court for the District of Columbia. (No. 1:06-cv-01669), (No. 1:08-cv-01307), (No. 1:08-cv-02143).

Appeal from the United States District Court for the District of Columbia. (No. 1:10-cv-00536).

Appeal from the United States District Court for the District of Columbia. (No. 1:10-cv-00758).Maqaleh v. Gates, 899 F. Supp. 2d 10, 2012 U.S. Dist. LEXIS 150446 (D.D.C., 2012)

**Counsel**      Tina Monshipour Foster argued the cause for appellants Fadi Al Maqaleh, et al., in Nos. 12-5404, et al. Golnaz Fakhimi, Ramzi Kassem, Hope Metcalf and Sylvia Royce were on brief. Barbara J. Olshansky entered an appearance.

Eric L. Lewis argued the cause for appellants Amanatullah, et al., in No. 12-5407. Tina Monshipour Foster, Golnaz Fakhimi and A. Katherine Toomey were on brief.

John J. Connolly argued the cause for appellants Hamidullah, et al., in No. 12-5410. William J. Murphy and Cori Crider were on brief.

Sharon Swingle, Attorney, U.S. Department of Justice, argued the cause for the appellees. Stuart F. Delery, Assistant Attorney General, Ronald C. Machen Jr., U.S. Attorney, and Douglas N. Letter, Attorney, were on brief.

**Judges:** Before: HENDERSON and GRIFFITH, Circuit Judges, and WILLIAMS, Senior Circuit Judge. Opinion for the Court filed by Circuit Judge HENDERSON.

**CASE SUMMARY** The detainees had no rights under the Suspension Clause where they were still

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

ATTACHMENT NO. 1

designated as enemy combatants despite their eligibility for release, the detainee review board procedures more closely resembled habeas review that the prior procedures, and the location where they were retained was not under United States control.

**OVERVIEW: HOLDINGS:** [1]-A detainee's appeal of the denial of a habeas petition was remanded to the district court to determine whether he was in the sole custody of the government of Pakistan; [2]-Under the Boumediene analysis, the remaining detainees had no rights under the Suspension Clause where they were still designated as enemy combatants despite their eligibility for release, the detainee review board procedures more closely resembled habeas review that the prior procedures, and the location where they were retained was not under United States control; [3]-The court declined to add a new factor, alleged manipulation, to the enumerated factors relevant in determining the reach of the Suspension Clause; [4]-The court had not jurisdiction over the detainee's petitions for habeas corpus.

**OUTCOME:** Petitions dismissed.

**LexisNexis Headnotes**

*Constitutional Law > Congressional Duties & Powers > Suspension Clause*

The United States Court of Appeals for the District of Columbia Circuit held that § 7, 28 U.S.C.S. § 2241, stripped the court of jurisdiction to consider any habeas petition filed by any alien detained as an enemy combatant outside the United States.

*Constitutional Law > Congressional Duties & Powers > Suspension Clause*

Judicial precedent identifies a common thread uniting extraterritoriality jurisprudence, to wit, that questions of extraterritoriality turn on objective factors and practical concerns, not formalism. It identifies at least three factors relevant in determining the reach of the Suspension Clause: (1) the citizenship and status of the detainee and the adequacy of the process through which that status determination was made; (2) the nature of the sites where apprehension and then detention took place; and (3) the practical obstacles inherent in resolving the prisoner's entitlement to the writ.

*Criminal Law & Procedure > Habeas Corpus > Appeals > Standards of Review > Clear Error Review*
*Criminal Law & Procedure > Habeas Corpus > Appeals > Standards of Review > De Novo Review*

The United States Court of Appeals for the District of Columbia Circuit reviews de novo the dismissal of a habeas petition for want of jurisdiction. Although the District of Columbia Circuit accepts the allegations in the petition as true when reviewing a motion to dismiss for lack of jurisdiction, that formulation does not accurately account for the full scope of the court's review. If the allegations upon which jurisdiction rests are challenged, the district court may resolve the dispute and consider its resolution of any disputed facts alongside the petitioner's undisputed allegations. The District of Columbia reviews the district court's resolution of factual disputes for clear error.

*Governments > Courts > Judicial Precedents*

The law-of-the-circuit doctrine means that the same issue presented in a later case in the same court should lead to the same result and that one three judge panel does not have the authority to overrule another three-judge panel of the court.

DICASES                                                2

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

***Civil Procedure > Judgments > Preclusion & Effect of Judgments > Law of the Case***

The **law-of-the-case** doctrine rests on a simple premise: the same issue presented a second time in the same case in the same court should lead to the same result.

***Civil Procedure > Judgments > Preclusion & Effect of Judgments > Law of the Case***

A legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, governs future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.

***Constitutional Law > The Judiciary > Case or Controversy > Mootness > General Overview***

Under U.S. Const. art. III, federal courts have authority to adjudicate only live cases or controversies. A case remains live as long as the parties have a concrete interest, however small, in the outcome of the litigation. This requirement subsists through all stages of federal judicial proceedings, trial and appellate. It is not enough that a dispute was very much alive when suit was filed; the parties must continue to have a personal stake in the ultimate disposition of the lawsuit.

***Constitutional Law > The Judiciary > Case or Controversy > Mootness > Collateral Consequences***

Under the collateral consequences doctrine, a prisoner's habeas petition challenging the legality of his conviction becomes moot upon the expiration of his sentence unless he can show that he continues to suffer some continuing harm, or collateral consequence, from his conviction.

***Civil Procedure > Appeals > Reviewability > Preservation for Review***

It is the general rule that a federal appellate court does not consider an issue not passed upon below.

***Constitutional Law > Congressional Duties & Powers > Suspension Clause***

The only relevant citizenship under the Boumediene analysis of the Suspension Clause is American citizenship.

***Constitutional Law > Congressional Duties & Powers > Suspension Clause***

The applicability of constitutional protections has never turned on the specific citizenship of an alien; ceteris paribus, a nonresident Briton is no more entitled to invoke the rights of the Constitution than a nonresident Pakistani. The United States Court of Appeals for the District of Columbia Circuit therefore concludes that citizenship under the Boumediene analysis asks only whether the detainee is a United States citizen or an alien.

***Constitutional Law > Congressional Duties & Powers > Suspension Clause***

In the context of the Suspension Clause, status does not refer to a detainee's individual characteristics but instead to the designation justifying his detention.

***Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview***

A federal court always has jurisdiction to determine its own jurisdiction.

***Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General***

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*Overview*
*Civil Procedure > Discovery > Disclosures > General Overview*
*Civil Procedure > Discovery > Relevance*

The district court has discretion to allow discovery if it could produce facts that would affect its jurisdictional analysis. Denying discovery in the absence of some specific indication regarding what facts additional discovery could produce that would affect the court's jurisdictional analysis is a proper exercise of that discretion.

*Constitutional Law > Congressional Duties & Powers > Suspension Clause*

The second factor of the Boumediene analysis calls for an examination of the extent of control over the physical situs of detention and the permanence of that control. The indefiniteness of the United States's control over the place of detention, not over the prisoners, is the relevant issue.

*Constitutional Law > Congressional Duties & Powers > War Powers Clause*
*Constitutional Law > The Presidency > Commander in Chief*

Whether an armed conflict has ended is a question left exclusively to the political branches.

*Constitutional Law > Congressional Duties & Powers > Suspension Clause*

In determining whether practical obstacles are inherent in resolving a prisoner's entitlement to a writ of habeas corpus, the question is whether the United States armed forces' participation would divert their efforts and attention from the military offensive abroad to the legal defensive at home.

*Constitutional Law > The Presidency > Foreign Affairs*

The United States Court of Appeals for the District of Columbia Circuit recently made clear that the President alone conducts the nation's foreign policy and it is to him that the court turns for authoritative statements on the United States' relations with foreign powers.

*Constitutional Law > Congressional Duties & Powers > War Powers Clause*
*Constitutional Law > The Presidency > Commander in Chief*

The prosecution of the United States' wars is committed uniquely to the political branches and court rarely scrutinize it.

*Constitutional Law > Congressional Duties & Powers > Suspension Clause*

The United States Court of Appeals for the District of Columbia Circuit previously expressed its doubt that alleged manipulation goes to either the second or third of the enumerated factors relevant in determining the reach of the Suspension Clause. Today the District of Columbia Circuit holds that it does not.

*Constitutional Law > Congressional Duties & Powers > Suspension Clause*

At the absolute minimum, the Suspension Clause protects the writ as it existed in 1789. English common law fundamentally informs the understanding of the substantive content of the writ as of 1789.Of particular importance is Parliament's codification of the common law writ in the Habeas Corpus Act of 1679, 31 Car. 2, c.2 (Eng.).

DICASES                                        4

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

---

**BRETT C. KIMBERLIN, APPELLEE v. J. MICHAEL QUINLAN, DIRECTOR U.S. BUREAU OF PRISONS AND LOYE W. MILLER, JR., APPELLANTS**
**UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**
**199 F.3d 496; 339 U.S. App. D.C. 283; 1999 U.S. App. LEXIS 33977**
**No. 98-5530**
**November 10, 1999, Argued**
**December 28, 1999, Decided**

---

**Editorial Information: Subsequent History**

Rehearing En Banc Denied April 4, 2000, Reported at: 2000 U.S. App. LEXIS 6424. Certiorari Denied October 2, 2000, Reported at: 2000 U.S. LEXIS 5845.

**Editorial Information: Prior History**

Appeal from the United States District Court for the District of Columbia. (No. 90cv01549).

**Disposition:**
Remanded to the District Court for further proceedings consistent with this opinion.

**Counsel**                                      Michael L. Martinez argued the cause for appellants. With him on the briefs were Paul G. Lane and Danielle E. Berry.
Timothy E. Boyle argued the cause for appellee. With him on the brief were Howard T. Rosenblatt and Matthew S. Wild.

**Judges:** Before: EDWARDS, Chief Judge, SILBERMAN and HENDERSON, Circuit Judges. Opinion for the Court filed by Chief Judge EDWARDS. Separate opinion dissenting in part filed by Circuit Judge HENDERSON.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Appellants, Director of Prisons and Director of Public Affairs, challenged the decision of the United States District Court for the District of Columbia (Washington, D.C.), which denied appellants' claim of qualified immunity in action brought by appellee prisoner alleging appellants violated appellee's constitutional rights under U.S. Const. amend. I.Appeal of decision denying summary judgment to Director of Prisons was remanded for district court to consider whether disputed issues of material fact existed regarding motivation for preventing prisoner access to press.

**OVERVIEW:** Appellee prisoner brought an action alleging appellants, Director of Prisons and Director of Public Affairs, violated appellee's constitutional rights by interfering with access to the press. Appellants filed a motion for summary judgment on grounds of qualified immunity, which was denied by the district court. On appeal the court reversed. The Supreme Court granted certiorari and vacated the decision and remanded the case. On remand, the district court denied appellants renewed motion for summary judgment because of the law-of-the-case doctrine. The district court found that appellants waived any challenge to the judgement in the first appeal on the established law; thus, summary judgment on grounds of qualified immunity was inappropriate. The court remanded the case to the district court for

DICASES                                                    1

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

JUN 1 2 2018
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

ATTACHMENT NO. 2

consideration of whether there were disputed issues regarding appellants' motivation for preventing appellee access to the press.

**OUTCOME:** The court remanded the case to the district court to consider whether there were disputed issues of material fact regarding the motivation for preventing appellee prisoner access to his press contacts.

**LexisNexis Headnotes**

*Civil Procedure > Judgments > Preclusion & Effect of Judgments >* <u>*Law of the Case*</u>

A legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the **law of the case** for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.

*Civil Procedure > Judgments > Preclusion & Effect of Judgments >* <u>*Law of the Case*</u>
*Civil Procedure > Appeals > Standards of Review >* <u>*Clearly Erroneous Review*</u>

The law-of-the-case may be revisited only if there is an intervening change in the law or if the previous decision was clearly erroneous and would work a manifest injustice.

*Civil Procedure > Appeals > Reviewability > General Overview*
*Civil Procedure > Appeals > Reviewability > Preservation for Review*

The derivative waiver principle applies where a party fails to appeal an appealable issue and then raises the issue for the first time in a subsequent appeal.

*Civil Procedure > Appeals > Reviewability > General Overview*

Under the derivative waiver doctrine, discretion to waive a waiver is normally exercised only in exceptional circumstances, where injustice might otherwise result.

*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Law of the Case*

Application of the **law-of-the-case** doctrine is a two-step process: A court must first determine whether the threshold requirements are met and then ask whether there are prudential reasons to ignore the applicable **law-of-the-case**.

*Constitutional Law > Bill of Rights > Fundamental Rights > Procedural Due Process > General Overview*
*Criminal Law & Procedure > Postconviction Proceedings > Imprisonment*

A prisoner's segregation from the rest of the prison population will trigger the procedural requirements of the Due Process Clause when the segregation falls outside the range of confinement to be normally expected.

*Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom of Speech > General Overview*
*Constitutional Law > Bill of Rights > Fundamental Rights > Criminal Process > Cruel & Unusual Punishment*
*Constitutional Law > Equal Protection > General Overview*

DICASES                                     2

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*Administrative Law > Judicial Review > General Overview*
*Civil Rights Law > Prisoner Rights > Confinement Conditions*
*Civil Rights Law > Prisoner Rights > Segregation*
*Constitutional Law > Bill of Rights > Fundamental Freedoms > General Overview*
*Constitutional Law > Equal Protection > Scope of Protection*
*Criminal Law & Procedure > Sentencing > Ranges*
*Criminal Law & Procedure > Postconviction Proceedings > Imprisonment*

Prisoners retain protection from arbitrary state action even within the expected conditions of confinement. They may invoke the U.S. Const. amend. I and U.S. Const. amend. VIII and the Equal Protection Clause of the U.S. Const. amend. XIV where appropriate, and may draw upon internal prison grievance procedures and state judicial review where available.

*Constitutional Law > The Presidency > Immunity*

Qualified immunity issues may require more than one judiciously timed appeal.

*Constitutional Law > Bill of Rights > Fundamental Freedoms > Freedom of Speech > General Overview*
*Constitutional Law > Bill of Rights > Fundamental Freedoms > General Overview*

So long as restriction on inmates' communication operates in a neutral fashion, without regard to the content of the expression, it will not violate the U.S. Const. amend. I.

*Constitutional Law > The Presidency > Immunity*
*Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders*

Nonfinal qualified immunity determinations are appealable when they resolve a dispute concerning an abstract issue of law relating to qualified immunity--typically, the issue whether the federal right allegedly infringed was clearly established.

*Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders*
*Constitutional Law > The Presidency > Immunity*

Considerations of delay, comparative expertise of trial and appellate courts, and wise use of appellate resources argue in favor of limiting interlocutory appeals of qualified immunity matters to cases presenting more abstract issues of law.

*Civil Procedure > Appeals > Appellate Jurisdiction > Interlocutory Orders*
*Constitutional Law > The Presidency > Immunity*

In the qualified immunity arena, the United States Supreme Court has drawn a distinction between two categories of cases, only one of which merits immediate appellate review: an interlocutory decision that rests upon the purely legal question of whether or not an official's actions violate clearly established law does satisfy the Cohen criteria, while an interlocutory decision that denies summary judgment because of the presence of triable issues of fact does not.

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

---

**UNITED STATES OF AMERICA, Appellee v. WILBERT B. WARREN, Appellant**
**UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**
**1997 U.S. App. LEXIS 2846**
**No. 96-3048**
**February 11, 1997, FILED**

---

**Notice:**

 RULES OF THE DISTRICT OF COLUMBIA CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**Editorial Information: Subsequent History**

Reported in Table Case Format at: 107 F.3d 924, 1997 U.S. App. LEXIS 8785.

**Editorial Information: Prior History**

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA. (89cr00386-01).

**Disposition:**
Affirmed.

**Counsel**          For UNITED STATES OF AMERICA, Plaintiff - Appellee: Thomas C. Black, Assistant U.S. Attorney, John Robert Fisher, Assistant U.S. Attorney, John M. Facciola, Assistant U.S. Attorney, Ricardo J. Nunez, Assistant U.S. Attorney, U.S. Attorney's Office, (USA) Criminal Appellate, Washington, DC. Eric H. Holder, Jr., U.S. Attorney, U.S. Attorney's Office, (USA) Civil Appellate, Washington, DC.
          For WILBERT B. WARREN, Defendant - Appellant: A. J. Kramer, Federal Public Defender, Federal Public Defender (FPD), Washington, DC.

**Judges:** Before SILBERMAN and SENTELLE, Circuit Judges, and BUCKLEY, Senior Circuit Judge

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Defendant sought review of a decision by the United States District Court for the District of Columbia, which held that he was precluded by the law-of-the-case doctrine from arguing that the 2.47 grams of crack cocaine found in a cigarette pack was possessed for his personal use and not for distribution. A district court correctly held that defendant was precluded by the law-of-the-case doctrine from arguing that the 2.47 grams of crack cocaine found in a cigarette pack was possessed for his personal use and not for distribution because that issue had been previously decided by necessary implication.

**OVERVIEW:** The law-of-the-case doctrine precludes questions decided by necessary implication as well as those decided explicitly. The court ruled that the district court correctly held that defendant was precluded by the law-of-the-case doctrine from arguing that the 2.47 grams of crack cocaine found in a

DICASES                                                            1

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

ATTACHMENT NO. 3

cigarette pack was possessed for his personal use and not for distribution. The district court found that the defendant possessed not only the drugs which he admitted to possessing, but the remainder of the drugs discovered in the room he was occupying at the time of his arrest, for a total of approximately 36 grams. Defendant argued that the law-of-the-case doctrine did not apply because the issue of whether the 2.47 grams was possessed with the intent to distribute had not previously been decided. While the record did not contain an explicit finding to that effect, an admission that the 2.47 grams were intended for distribution was implicit in defendant's argument at the first sentencing hearing that he could understandably be found to be possessing and have possessed with the intent to distribute the 4.42 grams found on his bed, which included the 2.47 grams in the cigarette pack.

**OUTCOME:** The court affirmed the district court's decision.

**LexisNexis Headnotes**

*Criminal Law & Procedure > Double Jeopardy > Law of the Case*

The **law-of-the-case** doctrine is a prudential rule whereby a court involved in later phases of a lawsuit should not re-open questions decided (i.e., established as the **law of the case**) by that court or a higher one in earlier phases. The doctrine precludes questions decided by necessary implication as well as those decided explicitly.

**Opinion**

*JUDGMENT*

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. *See* D.C. Cir. R. 36(b). On consideration thereof, it is

***ORDERED AND ADJUDGED*** by the court that the district court's decision be affirmed. In light of our decision in *United States v. Warren*, 310 U.S. App. D.C. 1, 42 F.3d 647 (D.C. Cir. 1994), the district court correctly held that Wilbert Warren was precluded by the law-of-the-case doctrine from arguing that the 2.47 grams of crack cocaine found in a cigarette pack was possessed for his personal use and not for distribution.

The law-of-the-case doctrine is a prudential rule whereby "a court involved in later phases of a lawsuit should not re-open questions decided (i.e., established as the law of the case) by that court or a higher one in earlier phases." *Crocker v. Piedmont Aviation, Inc.*, 311 U.S. App. D.C. 1, 49 F.3d 735, 739-40 (D.C. Cir. 1995). The doctrine precludes questions "decided by necessary implication as well as those decided explicitly." *United States v. Singleton*, 245 U.S. App. D.C. 156, 759 F.2d 176, 178 (D.C. Cir. 1985) (internal quotation marks and citations omitted).

At the original sentencing, defense counsel

> urged the [District] Court to calculate the Guidelines concerning the amount of drugs involved, either on the amount of 2.47 grams, which was in the Newport pack that Mr. Warren admitted was his package and the drugs he was using during his testimony; or on the total 4.42 grams of drugs

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

that include those that Ms. Washington also was using, that Mr. Warren could understandably be found to be possessing and have possessed with the intent to distribute.Transcript of Sentencing Hearing, dated April 8, 1993 ("Sent. Tr.") at 4. The district court rejected the suggestion and found "that the defendant possessed not only the drugs which he admitted to possessing," but the remainder of the drugs discovered in the room he was occupying at the time of his arrest, for a total of approximately 36 grams. *Id.* at 12.

Warren now argues, as he did in his first appeal, that in sentencing him, the district court should have excluded the 2.47 grams from the total because it was possessed for his personal use only. In the first appeal, we noted the contradiction between Warren's position at sentencing and the one urged on appeal, and concluded that the evidence would support a finding that the entire 36.12 grams was held for distribution. Nevertheless, Warren now argues that the law-of-the-case doctrine does not apply because the issue of whether the 2.47 grams was possessed with the intent to distribute had not previously been decided. While the record does not contain an explicit finding to that effect, an admission that the 2.47 grams were intended for distribution was implicit in Warren's argument at the first sentencing hearing that he "could understandably be found to be possessing and have possessed with the intent to distribute" the 4.42 grams found on his bed, which included the 2.47 grams in the cigarette pack. *See* Sent. Tr. at 4. In fact, this was clearly the basis for our assertion, in *Warren,* that "based on the evidence offered at trial *and Warren's arguments at sentencing,* the trial judge could properly find that Warren possessed 36.12 grams of crack cocaine with intent to distribute." 42 F.3d at 658 (emphasis added). Accordingly, he may not argue that the issue he now raises was not addressed and disposed of in that case.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C. Cir. Rule 41.

**PER CURIAM**

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

---

**UNITED STATES OF AMERICA, Appellant v. MACIO SINGLETON**
**UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**
**759 F.2d 176; 245 U.S. App. D.C. 156; 1985 U.S. App. LEXIS 28828**
**No. 83-2173**
**March 15, 1984, Argued**
**April 12, 1985**

---

**Editorial Information: Subsequent History**

Petition for Rehearing Denied, June 25, 1985, Reported 763 F.2d 1432.

**Editorial Information: Prior History**

Appeal from the United States District Court for the District of Columbia (Criminal No. 75-00721).

**Disposition:**
        Accordingly, I would affirm the order below.

**Counsel**                Craig N. Moore of the Bar of the Supreme Court of California, pro hac vice by special leave of the Court, with whom Joseph E. diGenova, United States Attorney, Michael W. Farrell, Judith Hetherton, Theodore A. Shmanda and David W. Stanley, Assistant United States Attorneys, were on the brief, for Appellant.
                    Ed Wilhite, for Appellee.

**Judges:** Bork and Scalia, Circuit Judges, and Swygert, * Senior Circuit Judge. Opinion for the Court by Circuit Judge Bork. Dissenting opinion filed by Senior Circuit Judge Swygert.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** The United States appealed the decision of the United States District Court for the District of Columbia, which granted defendant's motion to suppress key evidence, onsite showup identification, in a criminal matter in which defendant was charged with four counts of armed robbery, one count of possession of an unregistered firearm, and one count of possession of a firearm not identified by a serial number. Where reliability of showup identification was found by the court in original appeal by the government from the district court's judgment of acquittal after jury found defendant guilty, law of the case precluded court from reconsidering evidence.

**OVERVIEW:** Following a guilty verdict, the lower court granted defendant's motion for judgment of acquittal on the grounds that the evidence was insufficient. The government appealed. The court vacated in part, affirmed in part, and remanded the matter for trial back to the lower court. Upon remand, the lower court granted a new trial, and then, upon defendant's motion, suppressed key evidence, the onsite showup identification procedure. The government appealed. On appeal, the court held that because the reliability of showup identifications had already been found by the court in the original appeal by the government from the lower court's entry of judgment of acquittal after the jury had found defendant guilty, the law of the case principles precluded the district court from reconsidering the evidence even though more evidence was considered in an earlier determination than the court considered in the government's

DICASES                1

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.


ATTACHMENT NO. 4

appeal from the lower court's suppression of showup identification.

**OUTCOME:** The court reversed the lower court's decision to suppress the showup identification and remanded the matter to the lower court for trial.

**LexisNexis Headnotes**

*Criminal Law & Procedure > Double Jeopardy > Law of the Case*

The doctrine of "**law of the case**" is a rule of practice whereby courts generally refuse to reopen what is decided.

*Criminal Law & Procedure > Double Jeopardy > Law of the Case*

The doctrine of the "law of the case" precludes questions decided by necessary implication as well as those decided explicitly.

*Criminal Law & Procedure > Appeals > Standards of Review > Clearly Erroneous Review > General Overview*
*Criminal Law & Procedure > Appeals > Standards of Review > De Novo Review > General Overview*

The court may reverse the district court only if it can conclude that its determination is clearly erroneous.

*Criminal Law & Procedure > Appeals > Standards of Review > Clearly Erroneous Review > General Overview*

Placing the burden upon the moving defendant to show that no rational jury can convict is the same as viewing the evidence in the light most favorable to the government. If the movant does not carry that severe burden, the weight to which the evidence is entitled is a matter for probing and argument by counsel and for ultimate determination by the jury.

*Criminal Law & Procedure > Search & Seizure > Warrantless Searches > General Overview*
*Criminal Law & Procedure > Pretrial Motions > Suppression of Evidence*
*Criminal Law & Procedure > Search & Seizure > Search Warrants > General Overview*
*Criminal Law & Procedure > Search & Seizure > Search Warrants > Probable Cause > General Overview*

When a search or seizure is warrantless the government carries the burden of justifying the agent's actions. A warrant is required and the burden of showing probable cause for a warrantless search is placed upon the government because one seeking an exemption from the rule must show a need for it.

*Criminal Law & Procedure > Eyewitness Identification > Fair Identification Requirement*
*Criminal Law & Procedure > Eyewitness Identification > General Overview*

Under the Biggers due process analysis, the court is required to determine reliability by considering the totality of the circumstances. There are five factors to assist the court in making its determination: (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation.

*Criminal Law & Procedure > Eyewitness Identification > Fair Identification Requirement*

DICASES                                                2

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

A due process analysis can be used to determine the sufficiency of the evidence.

*Criminal Law & Procedure > Double Jeopardy > Law of the Case*

When applying the **law-of-the-case** doctrine, the general rule is that where the evidence on a subsequent appeal is substantially the same as that on the first or preceding appeal, all matters, questions, points, or issues adjudicated on the prior appeal are the **law of the case** on all subsequent appeals and should not be reconsidered or readjudicated therein. When reliability is found by the court, **law-of-the-case** principles preclude the district court from reconsidering that evidence a second time. If the district court can redetermine the reliability issue, it is required to do so pursuant to the Biggers test. This would substitute the opinion of the district court for that of the court of appeals.

*Evidence > Procedural Considerations > Exclusion & Preservation by Prosecutor*
*Criminal Law & Procedure > Juries & Jurors > Province of Court & Jury > General Overview*
*Civil Procedure > Judicial Officers > Judges > General Overview*

The decision whether the evidence is admissible is for the trial judge at a new trial to make.

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

---

**UNITED STATES OF AMERICA, Plaintiff-Appellee, versus KEVIN DENARD ROZIER, a.k.a. Bo, a.k.a. Cowboy, a.k.a. Slick, Defendant-Appellant.**
**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**
**685 Fed. Appx. 847; 2017 U.S. App. LEXIS 6556**
**No. 15-15337 Non-Argument Calendar**
**April 18, 2017, Filed**

---

**Notice:**

**PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.**

**Editorial Information: Prior History**

Appeal from the United States District Court for the Southern District of Florida. D.C. Docket No. 1:93-cr-00252-UU-3.Rozier v. United States, 2015 U.S. Dist. LEXIS 94436 (S.D. Fla., July 9, 2015)

**Disposition:**
　　　AFFIRMED.

**Counsel**　　　　　　　For UNITED STATES OF AMERICA, Plaintiff - Appellee: Nicole D. Mariani, Wifredo A. Ferrer, Carol Herman, Luis M. Perez, Emily M. Smachetti, U.S. Attorney's Office, MIAMI, FL.

　　　　　　　　　　　　For KEVIN DENARD ROZIER, a.k.a. Bo a.k.a. Cowboy a.k.a. Slick, Defendant - Appellant: Margaret Y. Foldes, Michael Caruso, Federal Public Defender, Federal Public Defender's Office, MIAMI, FL.

**Judges:** Before JULIE CARNES, JILL PRYOR, and DUBINA, Circuit Judges.

**CASE SUMMARY**On resentencing, a district court had authority to reconsider sentences imposed on two drug counts not reviewed in a 28 U.S.C.S. § 2241 petition where the appellate court had previously ruled that the gun and drug counts were interdependent, and petitioner failed to show that applying the law-of-the-case doctrine resulted in manifest injustice.

**OVERVIEW:** HOLDINGS: [1]-On resentencing, a district court had authority to reconsider sentences imposed on two drug counts not reviewed in a 28 U.S.C.S. § 2241 petition where the appellate court had previously ruled that the gun and drug counts were interdependent, and petitioner failed to show that applying the law-of-the-case doctrine resulted in manifest injustice; [2]-Using the previous PSI for later resentencing was not plain error where petitioner had not shown a reasonable probability that any error would have changed the outcome; [3]-Challenges to the firearm enhancement, the use of acquitted and dismissed conduct, and the role enhancement were barred by the law-of-the case doctrine; [4]-Petitioner's sentence was not procedurally unreasonable where guideline range was properly calculated, the chosen sentence was adequately explained, and the 18 U.S.C.S. § 3553(a) factors were considered.

**OUTCOME:** Sentence affirmed.

A05_11CS                                     1

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



ATTACHMENT No. 5

**LexisNexis Headnotes**

*Criminal Law & Procedure > Jurisdiction & Venue > Jurisdiction*
*Criminal Law & Procedure > Appeals > Standards of Review > De Novo Review > Jurisdiction*

The United States Court of Appeals for the Eleventh Circuit reviews questions concerning the jurisdiction of the district court de novo.

*Criminal Law & Procedure > Jurisdiction & Venue > Jurisdiction*

A district court has jurisdiction to resentence a defendant on all counts of a conviction, provided that the counts are interdependent.

*Criminal Law & Procedure > Double Jeopardy > Law of the Case*

The **law-of-the-case** doctrine states that an issue decided at one stage of a case is binding at later stages of the same case, including where a party had the opportunity to appeal a district court's ruling on appeal on an issue but did not do so. Once such a decision becomes final, the **law-of-the-case** doctrine is operative. There are three exceptions to the **law-of-the-case** doctrine: (1) there is new evidence; (2) there is an intervening change in the controlling case law that would change the result; or (3) the decision was clearly erroneous and would cause manifest injustice.

*Criminal Law & Procedure > Double Jeopardy > Law of the Case*
*Criminal Law & Procedure > Appeals > Standards of Review > Plain Error > Definitions*

The United States Court of Appeals for the Eleventh Circuit's case law equates the manifest injustice exception to the law-of-the-case doctrine with the plain error standard of review, such that to demonstrate manifest injustice, a petitioner must demonstrate (1) that there was error; (2) that was plain; (3) that affected his substantial rights; and (4) that affected the fundamental fairness of the proceedings. To show that an error affected one's substantial rights, the defendant must show that there is a reasonable probability of a different result in the outcome of his case. Finally, unless the explicit language of a statute or rule resolves an issue, there can be no plain error where there is no precedent from the United States Supreme Court or the Eleventh Circuit directly resolving it.

*Criminal Law & Procedure > Sentencing > Consecutive Sentences*
*Criminal Law & Procedure > Sentencing > Imposition > Factors*

Convictions are interdependent when they are part of a sentencing package. The sentencing package doctrine is a judicial practice that permits a district court to resentence a defendant on all counts of conviction where: (1) the defendant was sentenced on multiple counts, such that the overall sentence is a package of interrelated sanctions for all of the offenses; (2) one of the defendant's convictions subsequently is vacated; and (3) the district court needs to reconstruct the sentence package so that the overall sentence comports with the United States Sentencing Guidelines, the 18 U.S.C.S. § 3553(a) factors, and the court's opinion of a proper sentence for the remaining convictions.

*Criminal Law & Procedure > Sentencing > Presentence Reports*

When a defendant does not object to the court's use of an earlier presentence investigation report (PSI) for his later resentencing, any challenges related to using the earlier PSI are reviewed for plain error.

*Criminal Law & Procedure > Sentencing > Consecutive Sentences*

A05_11CS                                          2

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

U.S. Sentencing Guidelines Manual § 5G1.2(d) states that if the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. The language of § 5G1.2(d) does not explicitly state that consecutive sentences may only be imposed to reach the low end of the applicable guideline range.

In reviewing a district court's United States Sentencing Guidelines calculation, the United States Court of Appeals for the Eleventh Circuit reviews the findings of fact for clear error and the application of the Guidelines to those facts de novo.

### *Criminal Law & Procedure > Sentencing > Appeals > Proportionality Review*

The United States Court of Appeals for the Eleventh Circuit reviews the reasonableness of a sentence under a deferential abuse-of-discretion standard. However, when a defendant fails to object at the time of sentencing to the procedural reasonableness of a sentence imposed by a district court, the Eleventh Circuit reviews the argument for plain error.

### *Criminal Law & Procedure > Sentencing > Appeals > Proportionality Review*
### *Evidence > Procedural Considerations > Burdens of Proof > Allocation*

The United States Court of Appeals for the Eleventh Circuit employs a two-step process in reviewing the reasonableness of a sentence. The Eleventh Circuit looks first at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances. The party challenging the sentence has the burden of demonstrating that it is unreasonable in light of the record and the sentencing factors.

### *Criminal Law & Procedure > Sentencing > Imposition > Factors*
### *Criminal Law & Procedure > Sentencing > Appeals > Proportionality Review*

In analyzing a sentence for significant procedural error, the reviewing court examines factors such as whether the district court failed to calculate (or improperly calculated) the guideline range, treated the United States Sentencing Guidelines as mandatory, failed to consider the 18 U.S.C.S. § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the chosen sentence. Nonetheless, where the record makes clear that the sentencing judge considered the evidence and arguments for imposing a sentence outside the guideline range, even a briefly worded statement of reasons for imposing a sentence is legally sufficient. Moreover, nothing requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors, and the sentence may be upheld as reasonable when the record indicates that the court considered a number of the sentencing factors.

### *Criminal Law & Procedure > Sentencing > Imposition > Factors*

A district court must impose a sentence sufficient, but not greater than necessary to comply with the purposes listed in 18 U.S.C.S. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. In imposing its sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, and the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of

A05_11CS                                                      3

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

similar conduct. 18 U.S.C.S. § 3553(a)(1), (3)-(4), (6).

***Criminal Law & Procedure > Sentencing > Imposition > Factors***

The weight accorded to any given 18 U.S.C.S. § 3553(a) factor is a matter committed to the sound discretion of the district court. However, a district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. Furthermore, a district court's unjustified reliance on any one § 3553(a) factor to the detriment of all the others may be a symptom of an unreasonable sentence.

***Criminal Law & Procedure > Sentencing > Appeals > Proportionality Review***

Although the United States Court of Appeals for the Eleventh Circuit does not automatically presume a sentence within the guideline range to be reasonable, it ordinarily expects such a sentence to be reasonable. A sentence well below the statutory maximum penalty is another indicator of reasonableness.

***Criminal Law & Procedure > Sentencing > Appeals > Proportionality Review***

When a defendant does not object to the procedural reasonableness of his sentence at the sentencing hearing, the issue is reviewed for plain error.

A05_11CS                                                    4

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**VERONZA L. BOWERS, JR., Petitioner - Appellant, versus UNITED STATES PAROLE COMMISSION, WARDEN, Respondents - Appellees.**
**UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT**
**760 F.3d 1177; 2014 U.S. App. LEXIS 13055**
**No. 12-16560**
**July 9, 2014, Decided**

**Editorial Information: Prior History**

Appeal from the United States District Court for the Northern District of Georgia. D.C. Docket No. 1:08-cv-02095-JOF.Bowers v. United States Parole Comm'n, 745 F.3d 1127, 2014 U.S. App. LEXIS 4809 (11th Cir. Ga., 2014)

**Disposition:**
     AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

**Counsel**     For Veronza L. Bowers, Jr., Petitioner - Appellant: A. Stephens Clay, Kilpatrick Townsend & Stockton, LLP, Atlanta, GA; Theodore D. Frank, Arnold & Porter, LLP, Washington, DC; Curtis Allen Garrett Jr., Kilpatrick Townsend & Stockton, LLP, Atlanta, GA; Bryan Gaynor, Law Office of Bryan Gaynor, Arcata, CA; Thomas W. Stoever Jr., Arnold & Porter, LLP, Denver, CO; Charles Weisselberg, University of California, Berkeley, CA.
     For U.S. Parole Commission, Warden, Respondents - Appellees: Robert David Powell, Lawrence R. Sommerfeld, Sally Yates, U.S. Attorney's Office, Atlanta, GA.

**Judges:** Before WILSON and DUBINA, Circuit Judges, and MIDDLEBROOKS,* District Judge.

**CASE SUMMARY**Following a finding that the Parole Commission acted improperly in denying a habeas petitioner mandatory parole under former 18 U.S.C.S. § 4206(d), a district court abused its discretion by denying discovery into whether the Parole Commission acted independently and without bias in reaching its second decision denying parole.

**OVERVIEW:** HOLDINGS: [1]-An appellate court's mandate sought to ensure that a habeas petitioner would receive his parole decision under former 18 U.S.C.S. § 4206(d) in the absence of bias; the district court abused its discretion by reading the mandate so narrowly as to preclude discovery into whether the Parole Commission acted independently and without bias in reaching its 2011 decision denying parole; [2]-The petitioner should have been granted discovery on the impact that post-October 2005 political pressure may have had on the Parole Commission's 2011 decision; however, he was not entitled to discovery on the influence on the Commission before October 2005 nor on the impact that a prior commissioner's bias may have had on the Parole Commission in its present composition.

**OUTCOME:** The court reversed the denial of petitioner's motions for discovery and to amend, remanded for further proceedings on those issues, and otherwise affirmed.

A05_11CS                          1

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



ATTACHMENT NO. 6

**LexisNexis Headnotes**

*Criminal Law & Procedure > Postconviction Proceedings > Parole*

The Parole Commission and Reorganization Act (Parole Act), formerly codified at 18 U.S.C.S. §§ 4201-18, repealed 1984, entitles a prisoner who has served thirty years of a life sentence to mandatory parole unless the Parole Commission makes certain findings. 18 U.S.C.S. § 4206(d). Specifically, the Commission shall not release a prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime.

*Criminal Law & Procedure > Postconviction Proceedings > Parole*
*Criminal Law & Procedure > Appeals > Standards of Review > Abuse of Discretion > General Overview*

An appellate court will not reverse the Parole Commission's decisions unless they involve flagrant, unwarranted, or unauthorized action that constitutes an abuse of the Commission's discretion.

*Criminal Law & Procedure > Postconviction Proceedings > Parole*

The Sentencing Reform Act of 1984 (codified as amended at 18 U.S.C.S. § 3551 et seq., 28 U.S.C.S. § 991 et seq.) abolished the Parole Commission, but provided for a transition period in which the Parole Commission would continue to function. That period has since been continuously extended.

*Criminal Law & Procedure > Habeas Corpus > Appeals > Standards of Review > De Novo Review*
*Criminal Law & Procedure > Habeas Corpus > Procedure > Discovery*

The denial of habeas corpus relief under 28 U.S.C.S. § 2241 is reviewed de novo. An appellate court reviews a district court's denial of a motion for leave to amend for abuse of discretion. However, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. The appellate court reviews the district court's denial of discovery for abuse of discretion.

*Criminal Law & Procedure > Habeas Corpus > Procedure > Discovery*
*Criminal Law & Procedure > Habeas Corpus > Procedure > Court Rules*

Unlike typical civil litigants, habeas petitioners are not entitled to discovery as a matter of ordinary course. It is within the discretion of the district court to grant discovery upon a showing of good cause. R. Governing § 2255 Proc. U.S. Dist. Cts. 6(a). Good cause is demonstrated where specific allegations show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.

*Criminal Law & Procedure > Habeas Corpus > Procedure > Court Rules*
*Governments > Courts > Rule Application & Interpretation*

R. Governing § 2255 Proc. U.S. Dist. Cts. 1(b) states that the district court may apply any or all of the rules to a habeas corpus petition not within 28 U.S.C.S. § 2241.

*Criminal Law & Procedure > Appeals > Standards of Review > Abuse of Discretion > General Overview*

A05_11CS                                      2

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

A district court may abuse its discretion by applying the law in an unreasonable or incorrect manner.

*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Law of the Case*

The **law of the case** doctrine precludes consideration of matters previously decided explicitly or by necessary implication.

*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Law of the Case*
*Criminal Law & Procedure > Appeals > Remands & Remittiturs*

The law of the case doctrine cannot apply when the issue in question was outside the scope of the prior appeal.

*Criminal Law & Procedure > Appeals > Remands & Remittiturs*

The district court must implement both the letter and spirit of the mandate from the court of appeal, taking into consideration the appellate court's opinion and the circumstances it embraces.

*Criminal Law & Procedure > Appeals > Remands & Remittiturs*
*Criminal Law & Procedure > Appeals > Standards of Review > Abuse of Discretion > General Overview*

A district court abuses its discretion by asserting jurisdiction over issues not within the scope of a mandate from a court of appeal.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > Leave of Court*

Fed. R. Civ. P. 15(a) allows a party to amend pleadings with leave from the court. Fed. R. Civ. P. 15(a)(2). Leave to amend should be granted when justice so requires. District courts have limited discretion in denying leave to amend, and should grant a motion to amend unless there are substantial reasons to deny it.

A05_11CS                                    3

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

---

**United States of America, Appellee v. Armaretta B. Perry, Appellant**
**UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**
**1997 U.S. App. LEXIS 7739**
**No. 96-3103**
**April 8, 1997, FILED**

---

**Notice:**

RULES OF THE DISTRICT OF COLUMBIA CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**Editorial Information: Subsequent History**

Certiorari Denied October 6, 1997, Reported at: 1997 U.S. LEXIS 5537. Reported in Table Case Format at: 111 F.3d 963, 1997 U.S. App. LEXIS 29325.

**Editorial Information: Prior History**

Appeal from the United States District Court for the District of Columbia. (No. 89cr-162-23).

**Disposition:**
Affirmed.

**Counsel**          For UNITED STATES OF AMERICA: Roy Wallace McLeese, III, Assistant U.S. Attorney, John Robert Fisher, Assistant U.S. Attorney, Ricardo J. Nunez, Assistant U.S. Attorney, U.S. Attorney's Office, (USA) Criminal Appellate, Washington, DC. John Philip Dominguez, Assistant U.S. Attorney, Eric H. Holder, Jr., U.S. Attorney, U.S. Attorney's Office, (USA) Civil Appellate, Washington, DC.
          For ARMARETTA B. PERRY: Robert Ernest Sanders, Law Office of Robert E. Sanders, Washington, DC.

**Judges:** Before SENTELLE and HENDERSON, Circuit Judges, and BUCKLEY, Senior Circuit Judge.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Defendant was convicted of conspiracy to distribute cocaine and other charges. The United States District Court for the District of Columbia sentenced defendant to 405 months on the conspiracy count. On appeal, the court remanded the case for reconsideration of the scope of defendant's participation in the drug distribution organization. The district court resentenced defendant to 400 months on the conspiracy charge. Defendant appealed. A federal court of appeals affirmed a district court's decision to resentence defendant to 400 months on a charge of conspiracy to distribute cocaine. The district court made a number of detailed findings that fully supported its conclusion that the case involved "a single unitary conspiracy" of which defendant was "a major participant."

**OVERVIEW:** The court, in remanding the case, held that the district court erred in failing to make findings as to the amount of drugs attributable to defendant. On remand, the district court held a resentencing

DICASES                                    1

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

ATTACHMENT NO. 7

hearing and concluded that defendant was responsible for at least 150 kilograms of cocaine. The district court assigned defendant a base offense level of 36. After adding a two-level adjustment for use of a firearm, and a three-level adjustment for defendant's managerial role in the offense, the district court calculated a total offense level of 41. Again on appeal, defendant argued that the district court erred in failing to make the factual findings concerning the scope of her participation in the conspiracy. The court affirmed, finding that the district court made a number of detailed findings that fully supported its conclusion that the case involved "a single unitary conspiracy" of which defendant was "a major participant." The court, under the doctrine of the law of the case, rejected defendant's claims, raised also on the first appeal, regarding the two-level increases for possession of a firearm and defendant's managerial role in the conspiracy.

**OUTCOME:** The court affirmed the district court's decision.

**LexisNexis Headnotes**

*Criminal Law & Procedure > Criminal Offenses > Controlled Substances > Delivery, Distribution & Sale > Conspiracy > General Overview*
*Criminal Law & Procedure > Criminal Offenses > Controlled Substances > Delivery, Distribution & Sale > Conspiracy > Penalties*

In conspiracy cases, when calculating the quantity of drugs attributable to a defendant, a district court must make particularized findings about both the scope of the agreement that the defendant entered into and the basis on which it finds the amount of drugs reasonably foreseeable to that individual defendant.

*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Law of the Case*
*Criminal Law & Procedure > Double Jeopardy > Law of the Case*

Under the doctrine of the law of the case, courts generally will not revisit issues that have already been adjudicated.

*Criminal Law & Procedure > Appeals > Reviewability > Waiver > Waiver Triggers Generally*

A claim not raised in an appellant's initial appeal is therefore waived.

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

WALLACE MINTON
#2435357
1901 D ST SE
WASH, DC 20003, 2534

LEGAL
MAIL

CLERK OF COURT
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
333 Constitution AVE, NW
WASHINGTON, DC 20001

